UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE ESTATE OF ATTORNEY<br>SIMON M. BUENAVENTURA,<br><br>  Plaintiff<br><br>  v.<br><br>EXECUTIVE OFFICE OF THE<br>PRESIDENT, et al.,<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>)    2:23-cv-00211-JDL<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Ian Buenaventura (Ian), the child of Simon Buenaventura (Simon), has filed a complaint on behalf of Simon's estate. (Complaint, ECF No. 1.) With the complaint, Plaintiff filed an application to proceed without prepayment of fees and costs, which application the Court granted. (Application, ECF No. 3; Order, ECF No. 5.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

## DISCUSSION

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim

on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The law permits individuals who are not licensed to practice law to represent their own interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court. With few exceptions not applicable here, "[n]o person who is not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (same), "a lay person, even though he has been appointed by the Probate Court to administer the probate estate, cannot represent the Estate in court." *State v. Simanonok*, 539 A.2d 211, 212 (Me. 1988).

Here, there is no suggestion on the record that Ian is an attorney. If he is an attorney, he is not authorized to practice law in this Court. Furthermore, the record does not reflect that Ian is the personal representative or executor of Simon's Estate. Even if he were the executor, Ian would only be able to represent the Estate if he were the sole beneficiary and creditor. *Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023) (collecting cases). Ian has not alleged that he is the sole beneficiary and creditor of the Estate. Ian, therefore, cannot

represent the Estate in court on this matter. Accordingly, Plaintiff's complaint must be dismissed.[1]

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 5th day of June, 2023.

---

[1] Courts ordinarily might permit a pro se plaintiff the opportunity to obtain counsel, or to amend the complaint to allege facts sufficient to establish that the filing party has the authority to prosecute the claim, but in this case, the opportunity would be futile. The complaint includes vague allegations of defamation, retaliation for protected speech, and vast government surveillance, but it does not include factual allegations regarding Defendants' alleged conduct. Some of the allegations and attachments are of the type that courts need not credit as true. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiff's complaint, therefore, should also be dismissed because it fails to state an actionable claim against the named defendants, including the United States Secretary of Defense, the White House, and foreign nations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("naked assertions," "labels and conclusions," and "formulaic recitation of the elements" devoid of further factual content are insufficient to state a plausible claim of entitlement to relief).